IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERLE CARTER-HOLLINS on behalf of herself and the class defined below, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| SANTANDER CONSUMER USA INC. | ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Sherle Carter-Hollins, brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Santander Consumer USA Inc. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District.

   b. Defendant transacts business within this District.

### PARTIES

5. Plaintiff Sherle Carter-Hollins is an individual who resides in the Northern District of Illinois.

6. Defendant Santander Consumer USA Inc. ("Santander") is an Illinois

1

Corporation headquartered in Dallas Texas. It does business in Illinois and its registered agent is are CT Corporation System 208 S. LaSalle St., Ste. 814, Chicago, Il. 60604.

7. Santander is a non prime auto finance company that does business under the names of Drive Financial, Santander Auto and Road Loans and is owned by Banco Santander Centro Hispano. Santander employs approximately 2,000 employees in service centers and sales positions throughout the United States.

## FACTS RELATED TO PLAINTIFF

8. Plaintiff made several loan payments as a favor on a friend's account with Santander.

9. At no time was plaintiff obligated on the Santander account nor did she provide consent for Santander to call her cellular telephone number.

10. Shortly after plaintiff made the payments to Santander, she started receiving telephone calls to her cellular telephone.

11. Plaintiff repeatedly requested to Santander's employees not to call her or her cellular telephone, but she was told they would continue to call her unless she called back with the debtor on the line.

12. Some of the calls plaintiff received were pre-recorded messages relating to the Santander debt.

13. After receiving numerous calls on her cellular telephone, plaintiff made a complaint to the FTC and sent a letter on March 8, 20011 via certified mail requesting that Santander not contact her and for it to remove her number as soon as possible.

14. As of the time of filing this complaint, Santander continues to call plaintiff's cellular telephone.

15. On information and belief, the calls were placed using predictive dialers due to the frequency of the calls, the pause before being connected to a live agent and the fact that some of the messages were pre-recorded  The predictive dialers place calls without human

intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

16. Plaintiffs and each class member is entitled to statutory damages.

17. Defendant violated the TCPA even if its actions were only negligent.

18. Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

19. Plaintiffs incorporate paragraphs 1-18.

20. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

21. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**© both such actions.**

> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

22. Defendant violated the TCPA by placing automated calls to plaintiffs' cell phone.

## CLASS ALLEGATIONS

23. Plaintiff bring this claim on behalf of two classes. The Auto Dialing Class consists of (a) all persons with cellular numbers in United States (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, © received automated calls from defendant on their cellular telephones (d) where defendant's records do not show that the person provided the number to the defendant(for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

24. The Pre-Recorded Class consists of (a) all persons with cellular numbers in United States (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, © received calls using an artificial or prerecorded voice on their cellular telephones (d) where defendant's records do not show that the person provided the number to the defendant (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

25. The geographic boundaries of the class may be limited based upon what discovery reveals.

26. The classes are so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

27. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The predominant

common questions include:

  a. Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

  b. Whether defendant engaged in a pattern of using calls using an artificial or prerecorded voice to cellular telephones;

  c. The manner in which defendant obtained the cell phone numbers;

  c. Whether defendant thereby violated the TCPA;

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30. Several courts have certified class actions under the TCPA. Balbarin v. North Star Capital Acquisition, LLC, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D.Ill., January 5, 2011) (cell phone); Mitchem v. Illinois Collection Serv., 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D.Ill., January 3, 2011) (cell phone); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008) (fax); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008) (fax); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007) (fax); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008) (fax); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004) (fax); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005) (fax); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006) (fax); Display South, Inc. v. Express Computer Supply, Inc.,

961 So.2d 451, 455 (La. App. 1st Cir. 2007) (fax); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008) (fax); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (fax); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (fax); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (fax).

        31.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against the defendant for:

    (1)    Statutory damages;

    (2)    An injunction against further violations;

    (3)    Costs of suit;

    (4)    Such other or further relief as the Court deems just and proper.

Plaintiff

/s/Keith J. Keogh
By her attorney

Keith J. Keogh
Timothy Sostrin
KEOGH LAW, LTD.
101 N. Wacker Dr., Suite 605
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)
Keith@KeoghLaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to plaintiff or the putative class members, or the calling of telephone numbers, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim.

      Plaintiff

/s/Keith J. Keogh
By her attorney

## NOTICE OF ATTORNEYS LIEN

    PLEASE TAKE NOTICE that plaintiff has assigned to her attorneys all rights conferred by statute or rule to recover attorneys fees from Defendant.

/s/Keith J. Keogh
By her attorney